Per Curiam.
 

 The plaintiff below, De Graffenried, produced a grant from the State of Tennessee to Thomas Shute, dated the 24th of May, 1814, also the following entry: “
 
 Thomas
 
 Shute, assignee of James and William Bryan, heirs of John Herritage, in Davidson County, beginning, &c.; No. of warrant, 159 ; No. location, 655; No. acres, 320. November the 11th, 1801, balance of warrant.” This entry the grant referred to, and was founded upon. The evidence then proved the locality and the possession of the defendant.
 

 The defendant, Kimbro, produced a grant, No. 312, from the State of Tennessee to himself, dated the 29th of March, 1808 ; also a grant to him, No. 178, dated August 19th, 1809; also the entry the first grant was founded upon, dated the 5th of September, 1807; also the entry the last grant was founded upon, dated the 13th of August, 1807 ; also copies of entries made by Thomas
 
 *606
 
 Shute, by virtue of warrant 169, 640, the 3d of September, 1801, part of which, 403, had been withdrawn; also 600, August the 20th, 1807, of which 230i only were surveyed in 1808; also, 20th of August, 1807, 640, withdrawn on the 31st of the same month, and the withdrawal indorsed on the entry; also 426, August the 20th, 1807; also 35, 20th August, 1807; all these prove the withdrawal of the * 320, and the vacation thereof. This evidence was objected to, but was received by the court. The judge refused to charge that the said entries were not legal evidence, to affect the validity of the said plaintiff’s entry, and that his grant and entry were conclusive evidence of the title in ejectment, against the subsequent entry and grant of the defendant. He refused to charge that the making of an entry after the said entry of 320 acres, on the same warrant, though for more than the warrant, was not evidence of the removal of said entry, and that any entry afterwards made above the amount of said warrant, would raise a better presumption of the withdrawal of an entry of equal or greater size than itself, than of the record of the said entry of 320 acres. And he refused to charge that if the jury believed the first excess above the amount of his warrant was intended as a virtual removal, not of said 320, but of some other entry, that said 320 was not affected, and that 425 on the 29th of August, and 460 on the 20th, and 35 on the 31st, and on the same day 460 withdrawn was a circumstance to show an intent to remove the 640 and not the 320. And he charged that making an entry on No. 159, to the amount thereof, after entries before made, was a virtual withdrawal of his former entry. And if he intended the removal of said 320, that it became thereby removed, although not so expressed in the subsequent entry, and could not be related to by the plaintiff’s grant. He charged that the jury might believe, if they could, an
 
 intent to
 
 withdraw the 640 then lately made, and to retain the 320, which he had left for five years, but that it
 
 seemed very improbable.
 
 He charged that an entry of said warrant after it was satisfied might evince an intent to remove a former entry, as well as an entry equal to or larger than the latter entry. He charged that the entry for 500, though 230]- only were surveyed, was to be considered a part satisfaction of said warrant for * it's full
 
 amount;
 
 and that a subsequent entry was no evidence of withdrawing the balance of said 500,
 
 *607
 
 after deducting 230¿. And he refused-to charge that if the intent was to withdraw the 460 and not the' 820, when he made the 425 that said 320 was not affected; for said he, if the intent in making 425 was that it should be a part removal of said 460, it ought to have been so expressed in the record.
 

 And now the question is, whether the subsequent entries were or were not virtual removals of said 320.
 

 The court will advise thereupon till the next term, and will then deliver their opinions.
 

 See
 
 Miller
 
 v.
 
 Childress,
 
 2 Hum. 330; King’s Digest, 8006.